The **VIDEO CONNECTION OF AMERICA, INC.,** Plaintiff,

v.

**PRIORITY CONCEPTS, INC.,** et al., **Defendants.**

No. 85 Civ. 2296 (SWK).

United States District Court, S.D. New York.

Jan. 17, 1986.

Edwards & Angell by David M. Olaser, Alfred R. Paliani, New York City, for plaintiff.

Yellen & Herstic by Barry J. Yellen, New York City, for defendants.

KRAM, District Judge.

Plaintiff commenced this suit in New York State Supreme Court, claiming that defendant had breached its contract and sought damages and an injunction ordering defendants to cease operating. Defendants counterclaimed and removed the action to this Court, pursuant to 28 U.S.C. § 1441(a), alleging diversity jurisdiction. Plaintiff now moves to remand, pursuant to 28 U.S.C. § 1447(c), claiming that the action was improperly removed because this court does not have original jurisdiction over the action. Because defendants have not met their burden of proof as to the propriety of removal, and since on the face of the complaint, this Court lacks jurisdiction, the motion to remand is GRANTED.

## FACTUAL BACKGROUND

Plaintiff, owner of the trademark "The Video Connection" and licensor of retail stores in that name, executed a franchise agreement with defendant corporation ("franchisee"). Under the agreement, franchisee promised to pay a monthly royalty fee based on a percentage of its monthly revenues. Plaintiff alleges that franchisee has failed to pay royalties since January 10, 1984. In the complaint filed in state court on April 2, 1985, plaintiff did not allege an amount in controversy. Answering the complaint, defendants counterclaimed for damages in excess of $10,000 on the grounds, *inter alia*, of deceit, and also sought declaratory relief. Defendants

then removed the action to this Court on the basis of diversity jurisdiction.

Although admitting to the parties' diversity of citizenship, plaintiff claims remand is appropriate because federal courts do not have jurisdiction over a diversity action that does not allege the jurisdictional amount.[1] In support of federal jurisdiction, defendants argue that should they lose on the merits, plaintiff's damages would exceed $10,000.[2]

## THE LAW

When the propriety of removal under 28 U.S.C. § 1441(a) is challenged, the removing party has the burden to establish that the federal court has original jurisdiction over the matter. When the jurisdictional basis is diversity of citizenship, the removing party must show not only diversity of the parties, but the requisite jurisdictional amount as well. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189–90, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Rosenberg v. GMV Travel, Inc.*, 480 F.Supp. 95, 96 (S.D.N.Y.1979).

In this case, federal jurisdiction over plaintiff's complaint is at best uncertain since it fails to specify the amount of damages sought. Being in possession of the relevant revenue information, the franchisee should be able to reasonably estimate the alleged damages. Defendants have offered no documentary evidence in support of their contention that the complaint exceeds $10,000. Defendants have thus failed to satisfy their burden to present evidence necessary to preserve removal, and doubt as to this Court's jurisdiction remains. *See McNutt*, 298 U.S. at 190, 56 S.Ct. at 785.

Remand is appropriate where jurisdiction is doubtful. *Lowe v. Trans World*

---

1. Plaintiff claims an inability to state the amount of damages sought because defendants have not submitted revenue reports since nonpayment began. However, plaintiff has estimated damages to be well below $10,000, based on defendants past performance.

2. In defendant Phillips' affidavit in support of federal jurisdiction, he claims that plaintiffs' recovery would exceed $10,000 "by virtue of the mathematical computation referred to in the Agreement complained in with reference to the alleged royalties." Defendants have submitted no revenue reports to indicate how much would be owing to plaintiff.

*Airlines, Inc.*, 396 F.Supp. 9, 12 (S.D.N.Y. 1975). The parties are thus spared the possibility of relitigating the matter should an appellate court later rule that original jurisdiction was lacking. *Limbach Co. v. Renaissance Center Partnership*, 457 F.Supp. 347, 349 (W.D.Pa.1978). Furthermore, remanding when doubt exists avoids the possibility of extending federal jurisdiction at the expense of state sovereignty. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

Alternatively, this dispute may be resolved according to the "well-pleaded complaint" rule. This rule states that a plaintiff cannot create federal jurisdiction by anticipating defendant's defenses and must instead reveal jurisdictional grounds in the complaint. *Louisville and Nashville R.R. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). By analogy, whether a court may properly remand a case depends upon the contents of the complaint as drawn by plaintiff "unaided by the answer or petition for removal." *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Nor does a counterclaim affect the amount in controversy.[3] *Coditron Corp. v. AFA Protective Systems, Inc.*, 392 F.Supp. 158, 161 (S.D.N.Y.1975). *Accord Williams v. Beyer*, 455 F.Supp. 482 (N.H.1978); *Burton Lines v. Mansky*, 265 F.Supp. 489 (M.D.N.C.1967).[4]

The party bringing suit "is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913). Thus, even if plaintiff's alleged damages *were* in excess of $10,000, plaintiff may avoid federal jurisdiction by claiming less and thus thwart attempts at removal. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 593, 82 L.Ed. 845 (1938); *Sponholz v.*

*Stanislaus*, 410 F.Supp. 286, 288 (S.D.N.Y. 1976).

For the foregoing reasons, plaintiff's motion to remand the action to the Supreme Court of New York, County of New York, is granted.

SO ORDERED.

---

**3.** Defendants have not argued in their petition for removal that the counterclaim gives this court jurisdiction over the matter now in controversy, although plaintiff seems to have inferred such.

**4.** Although a division among the courts exists on this issue (particularly in regard to compulsory counterclaims), this district is among the majority which strictly adheres to the well-pleaded complaint rule. *See* Wright, Miller, and Cooper, *Federal Practice and Procedure*, Jurisdiction 2d § 3706 n. 43 (1985).