**Theresa GERMAN and Ella Rivers**

v.

**STATE FARM INSURANCE COMPANY, et al.**

**Civ. A. No. 87–7616.**

United States District Court,
E.D. Pennsylvania.

Sept. 23, 1988.

John Enright, Philadelphia, Pa., for plaintiffs.

Ricardo Nunez, Philadelphia, Pa., for State Farm Ins. Co.

Gregory Lepore, for Travelers.

## MEMORANDUM AND ORDER

FULLAM, Chief Judge.

The record in this case reflects a great deal of earnest attorney-effort, but the net result is procedural chaos.

■ It all started when plaintiffs filed a petition in the Court of Common Pleas of Philadelphia County seeking the appointment of a neutral arbitrator to resolve a dispute over uninsured motorist protection, under the terms of an automobile liability policy issued by the defendant State Farm Insurance Company. State Farm removed the case to this court, alleging that the state court proceeding was a "civil action", and that the amount in controversy exceeded $10,000. In my view, neither assertion is convincing.

Plaintiffs were not claiming damages from State Farm, and could not, in the state court action, recover any amount of money. The selection of a neutral arbitrator—the only relief which plaintiffs sought or could have obtained—is not an issue which could be worth $10,000 to either side.

Further confusion was added when, after removing the case to this court, State Farm filed a "counterclaim for declaratory judgment", naming as "counterclaim defendants" not only the plaintiffs, but also Travelers Insurance Company—which was not a party to the action in either court and, as it has continuously protested, has never validly been joined as a party to this action.

■ The action was improperly removed. On the other hand, plaintiffs have not sought remand, but have submitted a response to State Farm's motion for summary judgment which amounts to a cross-motion for summary judgment. And although, as noted above, it is doubtful that the removed action was within the subject-matter jurisdiction of this court, it seems reasonably clear that State Farm's counterclaim for declaratory judgment—which seeks a declaration of non-liability under the insurance policy—does reflect an amount in controversy in excess of the jurisdictional threshold, and otherwise suffices to show a dispute within this court's subject-matter jurisdiction. Accordingly, in the interests of efficient judicial administration, I shall treat the counterclaim as if it had been an original complaint for declaratory judgment. Depending upon the fate of the counterclaim, the removed petition for appointment of an arbitrator should either be remanded to the Court of Common Pleas, or ignored because of mootness.

Plaintiffs were pedestrians when, on August 18, 1985, they were struck and injured by a motor vehicle in a hit-and-run accident. The vehicle was later identified, and proved to be the property of one Mildred Holloway, who was insured by State Farm. But Ms. Holloway was out of the country at the time of the accident, and it is now established that whoever may have been driving her car did not have authority to do so. Plaintiffs have recovered basic loss benefits under the terms of the State Farm policy, but contend that they are also entitled to uninsured motorist benefits under that policy.

■ If the case had arisen under the (now repealed) Pennsylvania No–Fault Act, plaintiffs would be correct. *Tubner v. State Farm Auto Ins. Co.*, 496 Pa. 215, 436 A.2d 621 (1981); *Prudential Ins. Co. v. Falligan*, 335 Pa.Super. 195, 484 A.2d 88 (1984). But the applicable statute is the

1053

Pennsylvania Motor Vehicle Financial Responsibility law, 75 Pa.C.S.A. § 1701 *et seq.* See *Employee Benefit Plan v. Grode,* 112 Pa.Cmwlth. 470, 535 A.2d 739, 741 (1988) (the Financial Responsibility law applies to policies issued or renewed after October 1, 1984).

Under the Financial Responsibility law, plaintiffs cannot recover uninsured motorist benefits under the State Farm policy. The only vehicle involved was not uninsured, and neither of the plaintiffs can qualify as an "insured" or "additional insured" under the terms of the State Farm policy. See *State Automobile Mutual Ins. Co. v. Velesquez,* C.A. No. 86–6761 (E.D.Pa. Oct. 18, 1987) (Green, J.) [available on WESTLAW, 1987 WL 18411]. State Farm's motion for summary judgment must be granted.