Juan Luis OLIVER, d.b.a. Funeraria J. Oliver, Plaintiff,

v.

Wilma HAAS, Estate of Edward C. Haas, Etc., Defendants.

Civ. No. 91–1385 (GG).

United States District Court, D. Puerto Rico.

Aug. 15, 1991.

---

Héctor R. Cuprill, Ponce, P.R., for plaintiff.

Lasa, Escalera & Reichard, María Luisa Martínez, San Juan, P.R., for defendants.

OPINION AND ORDER

GIERBOLINI, Chief Judge.

Before the court is plaintiff's motion to remand and an opposition thereto filed by

defendants. This case was commenced by plaintiff Oliver in the Ponce Superior Court on September 24, 1990, and removed by the defendants Mrs. Haas and the Haas Estate to this court on March 25, 1991. The issue is whether, in an action brought initially in state court and subsequently removed to federal court, a compulsory counterclaim may be used to satisfy the amount in controversy requirement of diversity jurisdiction.

## I. BACKGROUND

The action originated after Edward Haas, who was vacationing with his wife on an ocean cruise, became severely sick and had to be flown to the Domas Hospital in Ponce for emergency surgery. Mr. Haas died the following day.

Plaintiff funeral services subsequently contracted with Mr. Haas' widow to have the body embalmed and prepared for transportation to the state of Ohio. The body, according to the defendants, arrived so badly deteriorated that Mr. Haas had to be buried in a closed casket, allegedly causing severe emotional distress to Mrs. Haas and heirs.

On September 24, 1990, plaintiff, a citizen and resident of Puerto Rico, filed a complaint in the Ponce Superior Court seeking to collect payment in the amount of $4,931.75, plus interest for the funeral services rendered. On March 25, 1991, defendants, all residents of the state of Ohio, filed a notice removing the case from the Ponce Superior Court to the United States District Court for the District of Puerto Rico on diversity jurisdiction grounds. In

their reply to the plaintiff's complaint, the defendants denied all liability and asserted a counterclaim for $50,000.00 in compensatory damages and $1,000,000.00 in punitive damages due to plaintiff's alleged fraud, breach of contract, negligence, and professional negligence.

On May 1, 1991, plaintiff filed a two-page long motion to remand the case back to state court asserting that since defendant's counterclaims could not be used to satisfy the jurisdictional amount, the necessary amount in controversy had not been met.[1]

## II. DISCUSSION

In their notice of removal, the defendants assert that the amount in controversy requirement of diversity jurisdiction may be satisfied by a compulsory counterclaim, and therefore removal to federal court was proper in this case. We disagree.

■ The statute governing removal of state actions to federal court, 28 U.S.C. Section 1441[2], states that original jurisdiction is needed in order for removal to be possible and proper. Ordinarily, the amount in controversy in original jurisdiction actions is determined from the plaintiff's complaint. *Peoples Westchester Savings Bank v. Ganc*, 705 F.Supp. 164 (S.D.N.Y.1989); *Wiggins v. North American Equit. Life Assur. Co.*, 644 F.2d 1014 (4th Cir.1981); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

---

**1.** We note in passing the plaintiff cited no cases in support of his motion to remand. Apart from violating the essence of Local Rule 311.2 of the Local Rules of this District, we find that plaintiff's failure to cite any cases in his motion constitutes the kind of sloppy legal work that this court will not tolerate in the future.

**2.** 28 U.S.C.S. Section 1441 states in relevant part:
(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have *original jurisdiction,* may be removed by the defendant or defendants, to the *district court of the United States for* the district and division embracing the place

where such action is pending. (emphasis added).
28 U.S.C.S. Section 1332(a) states in relevant part:
(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between:
(1) Citizen of different states;
(2) citizens of a state and citizens or subjects of a foreign state; ....
(d) The word "states", as used in this section, includes the territories, the District of Columbia, and the Commonwealth of Puerto Rico.

■ Thus, in determining whether a case is removable federal courts look to the plaintiff's complaint. *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769 (9th Cir.), *cert. denied*, 479 U.S. 987, 107 S.Ct. 580, 93 L.Ed.2d 582 (1986). We find that in this case the diversity of citizenship is present but the amount in controversy is not. Since plaintiff's complaint only specifies an amount in controversy totaling $4,931.75, which is far short of the $50,-000.00 minimum required, there is no original jurisdiction and consequently no removal jurisdiction.[3]

The majority of the courts follow the rule the amount in controversy is determined by the plaintiff's complaint, stating that since the jurisdictional requirements apply to removed actions to the same extent as to original actions, no part of the required jurisdictional amount may be met by considering a defendant's counterclaim, whether permissive or compulsory. *See, e.g., Michael F. Ronca and Sons, Inc. v. Monarch Water Systems*, No. 90–5029, 1990 WL 140154 (E.D.Pa. Sept. 24, 1990) (LEXIS, Genfed library, courts); *PS Group, Inc. v. Aladdin Engineering and Manufacturing, Inc.*, No. 90–4371, 1990 WL 122938 (E.D.Pa. Aug. 21, 1990) (LEXIS, Genfed library, courts), *Video Connection of America v. Priority Concepts*, 625 F.Supp. 1549 (S.D.N.Y.1986); *Williams v. Beyer*, 455 F.Supp. 482 (D.N.H.1978). If Congress had intended to allow the use of defendant's counterclaim in satisfying the jurisdictional amount, it would have explicitly stated so. *Cabe v. Pennwalt*, 372 F.Supp. 780 (W.D.N.C.1974). Although the so-called plaintiff's viewpoint rule may lead to undesirable results for defendants who may wish to litigate in federal court, it is within the province of the legislature and not the courts to make the necessary statutory changes, if any.

As to the authorities cited by the defendant, many of them are inapplicable. To illustrate, commentators have stated that the ambiguous holding in *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961), and the lack of later and more definitive decisions makes it is "difficult to the point of impossible to state the principles for which *Horton* stands." 14A Wright, Miller, and Cooper, Federal Practice and Procedure: Jurisdiction, Section 3706, at 128. Although there are many possible explanations for the holding, commentators generally agree that the court "recognized the general rule that the amount in controversy is determined from the complaint." *Id.* at 127.

Similarly, *Fenton v. Freedman*, 748 F.2d 1358 (9th Cir.1984), *Motorists Mutual Ins. Co. v. Simson*, 404 F.2d 511, *cert. denied*, 394 U.S. 988, 89 S.Ct. 1470, 22 L.Ed.2d 763 (1969), and *Washington Scientific Industries, Inc. v. American Safeguard Corp.*, 308 F.Supp. 736 (D.Minn.1970) all dealt with obtaining original jurisdiction in federal court and not specifically with the concept of removal. One significant difference between a suit brought initially in federal court and one brought in state court is the plaintiff's original choice of venue, which as a general proposition controls.

Of the cases cited by defendants, only two concerned removal. Removal was allowed in *Family Motor Inn, Inc. v. L–K Enterprises*, 369 F.Supp. 766 (E.D.Ky. 1973), but only because it was an action seeking injunctive relief. In actions seeking such relief, the amount in controversy is usually measured by the value of the object in question or the cost of the protection sought. *Aladdin's Castle, Inc. v. City of Mesquite*, 630 F.2d 1029 (5th Cir.1980), *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347, 97 S.Ct. 2434, 2443, 53 L.Ed.2d 383 (1977). In the instant case there is no plea for injunctive relief; this is a contract-tort controversy.

In *Hatridge v. Aetna Casualty Co.*, 415 F.2d 809 (8th Cir.1969) removal of a state court case that *arguably* did not satisfy the amount in controversy requirement

---

**3.** Nor can we say that there is any indication that plaintiff's limited the amount of damages in the complaint to avoid the removal of this case.

was allowed. Nevertheless, as the Eight Circuit recognized, the facts of *Hatridge* show why an exception was carved out to the general rule that for removal purposes the amount in controversy is determined from the complaint.

In *Hatridge*, Mr. Hatridge and his wife were involved in a bus accident. They first brought suit against the bus driver in Arkansas state court and they recovered in a default judgment $60,000.00 for their injuries. Then, Mrs. Hatridge sued Aetna, the bus owner's insurance company, in Arkansas state court seeking to recover $9,999.99. After Aetna removed Mrs. Hatridge case to federal court, she moved to remand alleging that removal was improvident because the amount in controversy did not exceed the requisite minimum [4] for federal jurisdiction. The Eight Circuit held that removal was proper because Mrs. Hatridge's suit was inescapably dependent upon the claim of her husband, a claim over which the court had federal jurisdiction. In addition, the Eight Circuit took into consideration other factors, such as the appearance of forum shopping on behalf of the Hatridges and the apparent lack of good faith in pleading an amount that fell two cents short of the minimum required for federal jurisdiction.[5] In contrast, the claim before us is not inextricably dependent upon any other claim currently litigated in federal court. Nor is there any evidence of forum shopping or bad faith in the amount claimed by the plaintiff.

## III. CONCLUSION

In view of the foregoing reasons, the instant action is hereby REMANDED to the Ponce Superior Court. Each party shall bear its own costs and attorney fees.

**4.** At the time, the amount in controversy had to exceed $10,000.00. Therefore, the damages sought by Mrs. Hatridge in the complaint fell short for "the amount in controversy" requirement by two cents. In contrast, in this case the recovery sought by plaintiff, is only about $5,000.00 or about $45,000.00 less than the amount required for diversity jurisdiction.

**5.** Although the *Hatridge* court discusses the defendant's viewpoint to determine the amount in

The Clerk shall enter judgment accordingly.

SO ORDERED.

controversy, it did not rest its decision on the utilization of the defendant's viewpoint. *See* 415 F.2d at 816 ("Accordingly, we do not feel free to place particular reliance, in our present decision, upon the cases, such as *Ronzio*, which utilize the defendant's standpoint approach."). Instead, the Eighth Circuit held that removal was proper based "upon the nature of Mrs. Hatridge's claim and its inescapable dependency upon that of her husband." *Id.* at 816.