IOWA LAMB CORPORATION, Plaintiff,

v.

KALENE INDUSTRIES, INC., Defendant.

No. C 94–4094.

United States District Court,
N.D. Iowa,
Western Division.

Dec. 19, 1994.

Michael P. Jacobs, Sioux City, IA, for plaintiff.

Robert W. Green, Sioux City, IA, for defendant.

BENNETT, District Judge.

This matter comes before the court pursuant to plaintiff's motion to remand this case to state court on the ground that defendant's notice of removal was untimely. Plaintiff also asserts that there was insufficient amount in controversy stated in its state court petition to sustain federal jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Defendant removed this action to federal court prior to answering and filing a counterclaim, asserting that removal

was timely because notice was filed less than thirty days after defendant actually received notice of the complaint. Defendant also asserts that its counterclaim states an amount in controversy in excess of $50,000, thus sustaining federal jurisdiction over the removed complaint.

## I. PROCEDURAL BACKGROUND

Plaintiff Iowa Lamb Corporation, an Iowa corporation, filed its petition in the Iowa District Court for Sioux County on August 10, 1994, seeking to recover the unpaid purchase price on merchandise of $24,360.00, plus interest. Defendant Kalene Industries, Inc., is a corporation not organized under the laws of the state of Iowa, with its principal place of business outside of the state of Iowa.[1] Iowa Lamb served Kalene on August 16, 1994, by serving the Secretary of State of the State of Iowa as required by Iowa Code § 617.3, and on August 19, 1994, mailed notice of the filing with the Secretary of State to Kalene by certified mail.[2] Kalene asserts, without explanation, that it did not receive actual notice of the filing of the complaint with the Secretary of State until September 26, 1994. On October 17, 1994, therefore, Kalene filed a petition for removal of this action to this federal court. Kalene stated as grounds for removal diversity of citizenship and that Kalene has a counterclaim against Iowa Lamb which exceeds $50,000.[3] Also on October 17, 1994, Kalene filed its answer and counterclaim in federal court. Iowa Lamb has not yet answered the counterclaim.

Instead, on November 4, 1994, Iowa Lamb moved to remand this action to state court. Iowa Lamb argues that Kalene's petition for removal follows by more than thirty days any credible date of notice to Kalene of the filing date of the complaint with the Secretary of State. Iowa Lamb argues that Kalene has failed to prove that although the notice of the complaint was mailed to it by certified mail on August 19, 1994, Kalene did not receive actual notice until September 26, 1994. Iowa Lamb also argues that no part of the amount in controversy requirement for federal jurisdiction can be met by considering Kalene's counterclaim. Kalene resisted the motion to remand on November 21, 1994. In its resistance, Kalene repeated its bald assertion that it did not receive actual notice of the filing of the complaint until September 26, 1994, and thus its petition for removal was timely. Kalene also asserts that the amount in controversy exceeds $50,000 as shown by the petition for removal.

Neither party requested a hearing or oral argument on Iowa Lamb's motion to remand, but the court nevertheless set the matter for telephonic oral arguments on December 19, 1994. At the hearing, plaintiff Iowa Lamb was represented by counsel Michael P. Jacobs. Defendant Kalene was represented by counsel Robert W. Green. The matter is now fully submitted.

## II. ANALYSIS

The grounds and procedures for removal of a state court proceeding to federal court and for remand to state court are stated in three statutes, 28 U.S.C. § 1441, 1446, and 1447. The statute identifying removable actions, 28 U.S.C. § 1441, states in pertinent part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court *of which the district courts of the United States have original jurisdiction,* may be removed by the defendant or the defendants, to the district court of the United States for the district

---

1. Plaintiff's petition alleges that Kalene's principal place of business is in New Jersey, while Kalene alleges in its answer that its principal place of business is in Georgia. However, neither party asserts that the parties are not of diverse citizenship.

2. A copy of the Receipt for Certified Mail was attached to Iowa Lamb's brief in support of remand of this action. Kalene's resistance to the motion to remand asserts that Iowa Lamb has failed to produce a copy of the certified mail receipt and failed to state whether Iowa Lamb served the notice by ordinary mail or certified mail. The court finds both of Kalene's assertions patently and demonstrably incorrect.

3. In order to sustain federal jurisdiction in a diversity action, 28 U.S.C. § 1332 requires that "the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs...." 28 U.S.C. § 1332(a).

and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).

The procedure for removal is stated in 28 U.S.C. § 1446, which provides in pertinent part:

> (b) The notice of removal of a civil action or proceeding *shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). After filing, a matter that was not initially removable may become removable, and the statute provides for that eventuality as follows:

> If the case stated in the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 [diversity] of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

The procedure and grounds for a challenge to removal are stated in 28 U.S.C. § 1447:

> (c) A motion to remand the case *on the basis of any defect in removal procedure* must be made within 30 days after the filing of the notice of removal under section 1446(a). *If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded....*

Iowa Lamb's challenge to removal is based on both a "defect in removal procedure," specifically, timeliness of the removal, and upon lack of subject matter jurisdiction over the action at the time of removal, on the basis of insufficient amount in controversy as required by 28 U.S.C. § 1332. The court will consider each of these challenges.

### A. Timeliness Of The Petition For Removal

█ Iowa Lamb asserts that Kalene's petition for removal was not filed until 59 days after it was served with notice of the complaint by certified mail. Kalene counters that it did not receive actual notice of the complaint until September 26, 1994, and therefore its petition for removal filed October 17, 1994, was timely. At the hearing, counsel for Kalene stated that it was his understanding that the certified mailing of the notice of suit went to an empty office, was returned, and was ultimately forwarded by regular first class mail. However, Kalene presented no evidence, by way of affidavit or otherwise, to support this explanation, and the court has serious doubts that the necessity of forwarding the notice would add over thirty days to its delivery time.

Although the court agrees with Iowa Lamb that Kalene's assertion that it did not have actual notice of the complaint until September 26, 1994, is hardly credible in light of the date notice was sent to Kalene by certified mail, the court's belief in the matter is not dispositive. Neither Iowa Lamb nor Kalene has proved its assertions of the date actual notice was received.

Iowa Lamb did not request a return notice of delivery with its certified mailing of the complaint to Kalene which might have provided some evidence of receipt of actual notice similar to the evidence of the date of mailing. Section 1446(b) requires "receipt" by the defendant of the complaint before the thirty days to remove begin to run. *See also Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 779 (9th Cir.1994) (§ 1446(b) requires "the receipt *by the defendants* of a paper in the action from which removability may be ascertained."). By the same token, Kalene has not proven when it "received" the original notice, beyond making its assertion that the thirty days did not begin to run until September 26, 1994. Counsel's explanation of the delay, unsupported by evidence, is insufficient.

■ The law presumes that correspondence properly addressed, stamped and mailed was received by the individual or entity to whom it was addressed. *Rosenthal v. Walker,* 111 U.S. 185, 193, 4 S.Ct. 382, 386, 28 L.Ed. 395 (1884) ("The rule is well settled that if a letter properly directed is proved to have been either put into the post-office or delivered to the postman, it is presumed, from the known course of business in the post-office department, that it reached its destination at the regular time, and was received by the person to whom it was addressed."); *Hagner v. United States,* 285 U.S. 427, 430, 52 S.Ct. 417, 419, 76 L.Ed. 861 (1932) ("The rule is well settled that proof that a letter properly directed was placed in a post office, creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed."); *see also Arkansas Motor Coaches v. Commissioner,* 198 F.2d 189, 191 (8th Cir.1952); *Godfrey v. United States,* 997 F.2d 335, 338 (7th Cir.1993); *In re East Coast Brokers and Packers, Inc.,* 961 F.2d 1543, 1545 (11th Cir.1992); *Hoffenberg v. Commissioner,* 905 F.2d 665, 666 (2d Cir. 1990); *Beck v. Somerset Technologies, Inc.,* 882 F.2d 993, 996 (5th Cir.1989); *Roush v. Kartridge Pak Co.,* 838 F.Supp. 1328, 1335 (S.D.Iowa 1993); *Phillips v. Riverside, Inc.,* 796 F.Supp. 403, 407 (E.D.Ark.1992); *Truesdale v. Pacific Holding Co./Hay Adams Div.,* 778 F.Supp. 77, 81 (D.D.C.1991). "While the presumption is a rebuttable one it is a very strong presumption and can only be rebutted by specific facts and not by invoking another presumption." *Arkansas Motor Coaches,* 198 F.2d at 191; *see also Meckel v. Continental Resources Co.,* 758 F.2d 811, 817 (2d Cir.1985) (holding that under New York law that mere denial of receipt is insufficient to rebut the presumption). To invoke the presumption of delivery upon presentation of evidence of proper mailing, a party may either present evidence of actual mailing or present proof of procedures followed in the regular course of operations which give rise to a strong inference that an item was properly addressed and mailed. *See Godfrey,* 997 F.2d at 338. Although Iowa Lamb has presented sufficient evidence to invoke the pre-

sumption, Kalene has not presented any evidence sufficient to rebut it.

■ Neither party requested an evidentiary hearing to resolve the matter of the mailing or receipt of Iowa Lamb's notice by Kalene, and the court does not abuse its discretion by not conducting a hearing on a motion to remand on its own motion. *In re Business Men's Assur. Co. of Am.,* 992 F.2d 181, 183 (8th Cir.1993).[4] Although the court is entitled to presume that Kalene received notice within the usual time for delivery of a certified letter, and thus that Kalene's time for removal had run before its notice of removal was filed, the court does not decide the issue of the propriety of removal in this case on that ground. Instead, the court concludes that this matter must be remanded for other reasons.

## B. Lack Of Subject Matter Jurisdiction

■ The court's analysis of this issue begins with the statement of certain fundamental jurisdictional principles. The federal district courts have always been courts of limited jurisdiction. *See* U.S. CONST., Art. III, § 1. "Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Management Co. v. United States,* 4 F.3d 643, 646 (8th Cir.1993) (citing *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501, *reh'g denied,* 476 U.S. 1132, 106 S.Ct. 2003, 90 L.Ed.2d 682 (1986), citing in turn *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803)). *See also Neighborhood Transp. Network, Inc. v. Pena,* 42 F.3d 1169 (8th Cir.1994) (federal court jurisdiction limited by Article III of the Constitution). A federal court therefore has a duty to assure itself that the threshold requirement of subject matter jurisdiction has been met in every case. *Bradley v. Am. Postal Workers Union, AFL–CIO,* 962 F.2d 800, 802 n. 3 (8th Cir.1992) (citing *Sanders, infra* ); *Thomas v. Basham,* 931 F.2d 521, 523 (8th Cir.1991); *Jader v. Principal Mut. Life Ins. Co.,* 925

4. Nonetheless, the court *sua sponte* set this matter for oral arguments.

F.2d 1075, 1077 (8th Cir.1991); *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n,* 893 F.2d 968, 969 (8th Cir.1990); *Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir.1987). "Jurisdiction of the lower federal courts, both original and removal, is entirely a creature of statute." *Hurt v. Dow Chemical Co.,* 963 F.2d 1142, 1145 (8th Cir. 1992); *Continental Cablevision v. United States Postal Serv.,* 945 F.2d 1434, 1435 (8th Cir.1991). If one of the statutory requirements is not met, the district court has no jurisdiction. *Hurt,* 963 F.2d at 1145.

■ As the party seeking removal and opposing remand, Kalene has the burden of establishing federal subject matter jurisdiction. *In re Business Men's Assur.,* 992 F.2d at 183; *Bor–Son Bldg. Corp. v. Heller,* 572 F.2d 174, 181 n. 13 (8th Cir.1978). Furthermore, the district court is required to resolve all doubts about federal jurisdiction in favor of remand. *Id.* (citing *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3d Cir.1987), *cert. denied,* 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988)). In general, remand orders issued under 28 U.S.C. § 1447(c) are not reviewable by appeal or writ of mandamus. *Id. See also Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 342–43, 96 S.Ct. 584, 588–89, 46 L.Ed.2d 542 (1976) (remand orders unreviewable whether or not deemed to be erroneous by appellate court except when based on grounds outside § 1447(c)); *Carr v. Am. Red Cross,* 17 F.3d 671, 679 (3d Cir.1994) (citing *Thermtron* for the unreviewability of remand orders); *Farm Credit Bank v. Finstrom,* 888 F.2d 559 (8th Cir.1989) (*per curiam*) (remand orders unreviewable); *but see LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.,* 31 F.3d 70, 72 (2d Cir.1994) (identifying circumstances in which remand is reviewable and citing cases so holding in those circumstances). The reason such orders are not reviewable is to allow state court actions to proceed without delay if the district court remanded for lack of jurisdiction. *Linton v. Airbus Industrie,* 30 F.3d 592, 596 (5th Cir. 1994) (also reiterating a prior holding that absence of removal jurisdiction is an unreviewable remand for a procedural defect).

■ Lack of subject matter jurisdiction requires remand to the state court. *Am. Fire & Cas. Co. v. Finn,* 341 U.S. 6, 16–18, 71 S.Ct. 534, 541–42, 95 L.Ed. 702 (1951). Where the district court does not have original jurisdiction for want of subject matter jurisdiction, removal is improper and the case must be remanded under the terms of § 1447(c). *Primate Protection League v. Tulane Educ. Fund,* 500 U.S. 72, 87, 111 S.Ct. 1700, 1709, 114 L.Ed.2d 134 (1991); *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 366 (7th Cir.1993) ("Any defect in the removal procedure, or the lack of subject matter jurisdiction, requires a remand."). The burden of establishing federal jurisdiction is placed upon the party seeking removal, *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *Mulcahey v. Columbia Organic Chem. Co., Inc.,* 29 F.3d 148, 151 (4th Cir.1994), and the court's removal jurisdiction must be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Mulcahey,* 29 F.3d at 151.

### 1. Removability On The Face Of The Complaint

In determining whether federal jurisdiction exists, allowing removal of a matter filed in state court, "[i]t is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed." *United Farm Bureau Mut. Ins. Co., Inc. v. Human Relations Comm'n,* 24 F.3d 1008, 1014 (7th Cir.1994) (quoting *In re Carter,* 618 F.2d 1093, 1101 (5th Cir.1980), *cert. denied,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981), and also citing *Pullman Co. v. Jenkins,* 305 U.S. 534, 537–38, 59 S.Ct. 347, 83 L.Ed. 334 (1939)); *Van Meter v. State Farm Fire & Cas. Co.,* 1 F.3d 445, 450 (6th Cir. 1993) ("Courts, including this one, have interpreted [§ 1447(c)] as necessarily tied to a temporal reference point, namely, the time of removal."); *Shaw,* 994 F.2d at 366 ("Normally, the federal court in a removal action determines the amount in controversy by merely looking at plaintiff's state court complaint," noting that Illinois law and local

rules barred specification of damages other than "in excess of $15,000," therefore requiring further examination of the amount in controversy); *Gould v. Mut. Life Ins. Co. of New York,* 790 F.2d 769, 773 (9th Cir.1986) ("Federal courts look only to a plaintiff's pleadings to determine removability.").

Specifically, when federal subject matter jurisdiction is based on diversity and amount in controversy, the amount in controversy must be determined from an examination of the complaint at the time it was filed. *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961); *Tongkook Am., Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 784 (2d Cir. 1994) (citing *Horton* ); *Jones v. Winnepesaukee Realty,* 990 F.2d 1, 2 (1st Cir.1993) (citing *Klepper, infra* ); *Klepper v. First Am. Bank,* 916 F.2d 337, 340 (6th Cir.1990). A plaintiff may even avoid federal jurisdiction or thwart attempts at removal by claiming less than the jurisdictional amount. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 294, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938); *Video Connection of Am. v. Priority Concepts, Inc.,* 625 F.Supp. 1549, 1551 (S.D.N.Y. 1986); *Sponholz v. Stanislaus,* 410 F.Supp. 286, 288 (S.D.N.Y.1976).

Although a matter may become removable on the basis of the amount in controversy only some time after the complaint has been filed, 28 U.S.C. § 1446(b), the source of that removability is still the amount in controversy presented by the plaintiff's claim. *See Wilson v. Belin,* 20 F.3d 644, 651 n. 8 (5th Cir.1994) (recognizing that removal was timely where plaintiff's complaint originally stated insufficient amount in controversy to be removable, but plaintiff subsequently sent defendants a letter stating that the amount in controversy exceeded $50,000, citing *Marcel v. Pool Co.,* 5 F.3d 81, 84 (5th Cir.1993)). Courts have also rejected a rule that would make a case removable if the plaintiff's complaint states an insufficient amount in controversy, but there remains some possibility that the complaint will be amended or the plaintiff may be awarded more than she pleaded. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir.1994). The *Burns* court rejected the rule in part

because it was reluctant to construe the removal statute in such a way that it would expand federal court jurisdiction or promote inconsistent application of the removal rule without legislative authority. *Id.* The court also found accord for its conclusion that the fact "[t]hat plaintiff *might* ask for or recover more *after* removal is not sufficient to support jurisdiction." *Id.* at 1097 n. 13 (emphasis in the original; citing *Association Nacional de Pescadores v. Dow Quimica,* 988 F.2d 559, 564–65 (5th Cir.1993), and *Opelika Nursing Home v. Richardson,* 448 F.2d 658, 664 (5th Cir.1971)).

On the face of the complaint in this matter, it is plain that there was insufficient amount in controversy to support federal court jurisdiction. Iowa Lamb identified the value of its claim as $24,360.00, plus interest. At oral arguments, counsel for Kalene conceded that the complaint lacks the jurisdictional amount, and only Kalene's counterclaim alleges an amount in controversy sufficient under 28 U.S.C. § 1332. At the time Iowa Lamb filed its claim in state court, the federal court would not have had original jurisdiction over the claim. Nor did that situation change before the time when Kalene removed the case. Because there was no federal jurisdiction at the time Kalene removed this matter, the federal court would not appear to have removal jurisdiction. 28 U.S.C. § 1441(a). Before concluding, however, that this court does not have removal jurisdiction over this case, the court must consider Kalene's argument that its counterclaim establishes sufficient amount in controversy for proper removal of this case.

### 2. *Removability On The Basis Of The Counterclaim*

Although the removal statute provides that whenever a removable claim is joined with otherwise non-removable claims, all of the claims may be removed to federal court, 28 U.S.C. § 1441(c), it does *not* provide that when a claim over which the federal courts would have original jurisdiction is brought as a counterclaim to otherwise non-removable claims, the entire action may be removed. Nonetheless, some courts have considered

whether or not a claim is removable based on the amount in controversy in a counterclaim.

While acknowledging that "courts have generally refused to consider the damages pled in permissive counterclaims" as supplying the amount in controversy necessary for removal of a diversity action, one court found that "there is a significant split of decisions when the counterclaim is compulsory under the law of the state in which the underlying claim was brought." *Swallow & Assoc. v. Henry Molded Prod., Inc.,* 794 F.Supp. 660, 661 (E.D.Mich.1992) (citing 14A C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3706, n. 43 (1985), 1A J. MOORE, B. RINGLE & J. WICKER, MOORE'S FEDERAL PRACTICE, para. 0.167[8], pp. 499–403 (2d ed. 1991)). The court in *Swallow* cited the Ninth Circuit's decision in *Fenton v. Freedman,* 748 F.2d 1358 (9th Cir.1984), as holding "that a [compulsory] counterclaim that exceeded the necessary amount in controversy was sufficient to bring the case within the jurisdiction of the district court, 'regardless of the lack of jurisdictional averments in the bill of complaint.'" *Swallow,* 794 F.Supp. at 661 (quoting *Fenton,* 748 F.2d at 1359, in turn quoting *Roberts Mining & Milling Co. v. Schrader,* 95 F.2d 522 (9th Cir.1938)). The court concluded that "[b]ecause the damages pled in the defendant's compulsory counterclaim exceed the amount in controversy prerequisite to federal diversity jurisdiction, this case was removed providently," and denied plaintiff's motion to remand. *Id.* at 663.

While recognizing the same split in authority identified by the court in *Swallow,* the court in *Oliver v. Haas,* 777 F.Supp. 1040 (D.P.R.1991), concluded that

> [t]he majority of the courts follow the rule [that] the amount in controversy is determined by the plaintiff's complaint, stating that since the jurisdictional requirements apply to removed actions to the same extent as to original actions, no part of the required jurisdictional amount may be met by considering a defendant's counterclaim, whether permissive or compulsory. *See, e.g., Michael F. Ronca and Sons, Inc. v. Monarch Water Systems,* No. 90–5029, 1990 WL 140154 (E.D.Pa. Sept. 24, 1990)

(LEXIS, Genfed library, courts); *PS Group, Inc. v. Aladdin Engineering and Manufacturing, Inc.,* No. 90–4371, 1990 WL 122938 (E.D.Pa. Aug. 21, 1990) (LEXIS, Genfed library, courts), *Video Connection of America v. Priority Concepts,* 625 F.Supp. 1549 (S.D.N.Y.1986); *Williams v. Beyer,* 455 F.Supp. 482 (D.N.H.1978). If Congress had intended to allow the use of defendant's counterclaim in satisfying the jurisdictional amount, it would have explicitly stated so. *Cabe v. Pennwalt,* 372 F.Supp. 780 (W.D.N.C.1974). Although the so-called plaintiff's viewpoint rule may lead to undesirable results for defendants who may wish to litigate in federal court, it is within the province of the legislature and not the courts to make the necessary statutory changes, if any.

*Oliver,* 777 F.Supp. at 1042. The *Oliver* court also found that *Fenton,* 748 F.2d 1358, and two additional cases, *Motorists Mut. Ins. Co. v. Simpson,* 404 F.2d 511 (7th Cir.), *cert. denied,* 394 U.S. 988, 89 S.Ct. 1470, 22 L.Ed.2d 763 (1969), and *Washington Scientific Indus., Inc. v. Am. Safeguard Corp.,* 308 F.Supp. 736 (D.Minn.1970), did not deal with removal jurisdiction, but only with original jurisdiction in federal courts. *Id.,* 777 F.Supp. at 1042. The court found this distinction significant in light of the plaintiff's choice of venue in federal court in the first place in those cases. *Id.* The court also distinguished the Eighth Circuit case of *Hatridge v. Aetna Cas. Co.,* 415 F.2d 809 (8th Cir.1969), in which the state court allowed removal of a state court case that *arguably* did not satisfy the amount in controversy requirement because the plaintiff had pleaded damages two cents short of the jurisdictional minimum for federal court diversity cases. *Id.* 777 F.Supp. at 1042–43. The court found that unlike the claim and counterclaim in *Hatridge,* the claims before it were not inextricably dependent upon any claim currently being litigated in federal court and there was no evidence of forum shopping or bad faith in the amount claimed by the plaintiff. *Id.* at 1043. Therefore, the court remanded the action to state court, rejecting the counterclaim as providing the jurisdictional basis for removal. *Id. See also Burns,* 31 F.3d at 1097 (rejecting rule

that would allow state's rules of procedure on compulsory or permissive counterclaims to determine federal removal jurisdiction); *Martin Pet Prod. v. Lawrence*, 814 F.Supp. 56, 58 (D.Kan.1993) (citing Tenth Circuit precedent as rejecting counterclaims as the basis for amount in controversy and looking only to the complaint at the time of removal, but holding that "[t]he court need not address whether the counterclaim may be used by the defendant to establish the amount in controversy for the purpose of removal," because the counterclaim had not been filed at the time of removal, so that it could not form the basis of federal court jurisdiction on removal); *Video Connection Of Am. v. Priority Concepts, Inc.*, 625 F.Supp. 1549, 1551 (S.D.N.Y.1986) (resolving removal dispute by analogy to the "well-pleaded complaint" rule, which holds that plaintiff cannot create federal jurisdiction by anticipating defendant's defenses, and concluding that a court may properly consider removal or remand of a case only upon the contents of the complaint unaided by the answer or petition for removal, or the amount in controversy in a counterclaim); *Continental Carriers, Inc. v. Goodpasture*, 169 F.Supp. 602, 603 (M.D.Ga.1959) (noting that treating compulsory and optional counterclaims differently for purposes of determining the amount in controversy would make federal removal practice dependent on state procedure); *and compare German v. State Farm Ins. Co.*, 696 F.Supp. 1051, 1052 (E.D.Pa.1988) (holding that case for appointment of an arbitrator rather than for monetary relief had been improperly removed, but deciding the case on the merits rather than remanding on the grounds that no party had sought a remand and judicial economy; the counterclaim asserted sufficient amount in controversy for federal jurisdiction, and the court could properly construe the counterclaim as if it had been the original complaint).

The court finds that in the present matter, the petition for removal was filed before any counterclaim was pleaded. Therefore, this court concludes that it should base its evaluation of the propriety of removal on the amount of controversy alleged in the complaint alone, the only claim removed to federal court. The court has already concluded,

and Kalene has conceded, that Iowa Lamb's claim was not one over which this court could have exercised original jurisdiction because it did not allege a sufficient amount in controversy. Therefore, removal jurisdiction is also lacking.

 Furthermore, this court agrees with those decisions holding that a counterclaim, whether compulsory or not, cannot play any part in establishing the amount in controversy necessary for diversity jurisdiction. The court finds the weight and reasoning of the authority discussed above supports such a conclusion. To hold that a compulsory counterclaim, but not a permissive one, could establish removal jurisdiction might surrender federal removal jurisdiction to the inconsistencies of state laws concerning compulsory and permissive counterclaims. Federal removal jurisdiction should not vary depending on the state in which claims have originally been brought. Consistent application of the rule that the complaint at the time of removal determines the amount in controversy, as does the complaint in cases originally brought in federal court, also provides litigants with beneficial certainty concerning the appropriate forum for resolution of their disputes. Certainty about the appropriate forum would assist in reducing cost and delay in civil litigation as parties would not be put to the necessity of challenging or defending removals based on the amount in controversy in a counterclaim. In light of these conclusions, this matter shall be remanded to state court because the original claim alone does not provide a basis for federal court jurisdiction.

### III. CONCLUSION

Although there is a presumption that Iowa Lamb's notice of filing suit was received in the usual time for delivery of certified letters, the court does not decide the propriety of removal in this case on the basis of that presumption and the conclusion following from it that Kalene's notice of removal was untimely. Rather, the court concludes that the complaint on its face does not establish sufficient amount in controversy for this court to exercise federal removal jurisdiction over this case. Furthermore, the court con-

cludes that although defendant Kalene filed a counterclaim after removal that would in and of itself have stated an amount in controversy sufficient to sustain federal diversity jurisdiction, the amount in controversy in a counterclaim filed after removal is not relevant to whether or not the original complaint was removable. Finally, the court concludes that a counterclaim, permissive or compulsory, which alleges a sufficient amount in controversy for federal jurisdiction, cannot form the basis for removal jurisdiction. First, the removal statute provides no basis for considering a counterclaim as establishing removal jurisdiction, although it does authorize removal of otherwise non-removable claims when *joined* with a removable claim. Second, rejecting counterclaims as providing a basis for removal jurisdiction avoids surrendering federal removal jurisdiction to state law determinations of what is a compulsory or permissive counterclaim and provides beneficial certainty concerning removal when the determination is based solely on the complaint. The complaint in this matter failing to state grounds for original federal jurisdiction, this matter is not removable, and is therefore remanded to the Iowa District Court for Sioux County.

IT IS SO ORDERED.