QUALITY MANAGEMENT,
LLC, Plaintiff,

v.

TIME & PLACE WORLD,
LLC, Defendant.

Civil Action No. 07–1009 (RWR).

United States District Court,
District of Columbia.

Nov. 20, 2007.

Joshua Mark Greenberg, Greenstein DeLorme & Luchs, PC, Washington, DC, for Plaintiff.

John Franklin Rodgers, Redmon, Peyton & Braswell, LLP, Alexandria, VA, for Defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD W. ROBERTS, District Judge.

Plaintiff Quality Management, LLC, a landlord, filed an eviction action against its tenant, defendant Time & Place World, LLC ("TP World"), in the Landlord and Tenant Branch of the District of Columbia Superior Court. TP World removed the action to this court asserting diversity jurisdiction, with the requisite amount in controversy satisfied solely by its counterclaim for damages in excess of $75,000. Because TP World's counterclaim will not be considered in the amount in controversy calculation, diversity jurisdiction does not exist and the court will remand the action, *sua sponte*, to the Superior Court for the District of Columbia.

## BACKGROUND

Quality Management sued TP World in D.C. Superior Court seeking to eject TP World from Quality Management's property after the purported expiration of the lease. Quality Management does not allege that TP World failed to pay rent and seeks no monetary damages. In response, TP World filed an answer, counterclaim, and notice of removal to this court, insisting that diversity jurisdiction under 28 U.S.C. § 1332 exists because the parties are diverse and TP World's counterclaim is for damages in excess of the jurisdictional amount. TP World was ordered to show cause why the action should not be remanded to the Superior Court for lack of subject matter jurisdiction, to which TP World responded by filing a memorandum reasserting its basis for a counterclaim in excess of $75,000. (See Def.'s Mem. in Opp'n to Rule to Show Cause.) Quality Management responded to TP World's memorandum, insisting that "TP World's counterclaims (1) do not confer federal subject matter jurisdiction over the matter as damages alleged in counterclaims are not considered when comput[ing] the amount in controversy; and, (2) the counterclaims are not viable under the [Landlord and Tenant Branch] Rules and therefore are improperly pleaded to begin with."[1] (Pl.'s Mem. of Law as to Lack of Subject Matter Jurisdiction at 10.)

## DISCUSSION

Removal is appropriate only when the case might have originally been brought in federal court. 28 U.S.C. § 1441(a); see Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "If it appears before final judgment that a case was not properly removed, because it was not within the original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed." Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 7–8, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Because of the substantial federalism concerns raised by a federal court's exercise of jurisdiction over a removed case, see Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), all doubts regarding the existence of removal jurisdiction must be resolved in favor of remand. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994); Nwachukwu v. Karl, 223 F.Supp.2d 60, 66 (D.D.C.2002).

Jurisdiction in this matter is predicated upon diversity of citizenship. (See Notice of Removal at 1.) The parties are diverse for purposes of 28 U.S.C.

---

1. Rule 5(b) of the Superior Court Rules of Civil Procedure for the Landlord and Tenant Court provides:

   COUNTERCLAIMS. In actions in [the Landlord and Tenant Court] for recovery of possession of property in which the basis of recovery is nonpayment of rent or in which there is a joined claim for recovery of rent in arrears, the defendant may assert ... a counterclaim for money damages based on the payment of rent or on expenditures claimed as credits against rent or for equitable relief related to the premises. *No other counterclaims, whether based on personal injury or otherwise, may be filed in this branch.* This exclusion shall be without prejudice to the prosecution of such claims in other branches of the court.

   Super. Ct. L & T R. 5(b) (2007) (emphasis added). "[T]he constraints imposed by Rule 5(b) were designed to insure an expeditious resolution of landlord-tenant disputes." *Millman Broder & Curtis v. Antonelli*, 489 A.2d 481, 484 (D.C.1985). Because Quality Management's action against TP World is not based on nonpayment of rent, but rather the expiration of the lease itself, TP World's counterclaims would be impermissible in the Landlord and Tenant Branch under Rule 5(b).

§ 1332(a)(1). Thus, the only question is whether the amount in controversy requirement of 28 U.S.C. § 1332(a)(2) can be satisfied based solely upon TP World's counterclaim for damages in excess of $75,000.

The law is unsettled with respect to whether a matter may be removed to federal court with the counterclaim serving as the sole mechanism satisfying the amount in controversy requirement, and the D.C. Circuit has yet to rule on the issue. While "courts have generally refused to consider the damages pled in permissive counterclaims as supplying the amount in controversy necessary for removal of a diversity action," *Iowa Lamb Corp. v. Kalene Indus., Inc.*, 871 F.Supp. 1149, 1156 (D.Iowa 1994) (internal quotation omitted), "there is a significant split of decisions when the counterclaim is compulsory under the law of the state in which the underlying claim was brought."[2] *Swallow & Assoc. v. Henry Molded Prod., Inc.*, 794 F.Supp. 660, 661 (E.D.Mich.1992) (citing 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3706, n. 43 (1985); 1A James Wm. Moore *et al.*, *Moore's Federal Practice*, ¶ 0.167[8], pp. 499–503 (2d ed.1991)).

"The majority of courts follow the rule [that] the amount in controversy is determined by the plaintiff's complaint," regardless of the nature of the defendant's counterclaim. *See Oliver v. Haas*, 777 F.Supp. 1040, 1042 (D.P.R.1991) (collecting cases).[3] There are several considerations which make the majority approach persuasive. First, "[s]uch a standard is consistent with the 'well pleaded complaint rule[,]'" *Meridian Aviation Serv. v. Sun Jet Int'l*, 886 F.Supp. 613, 614 (S.D.Tex.1995), "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392, 107 S.Ct. 2425. The competing approach of not requiring the jurisdictional amount to be met in the complaint "flies in the face of the ... rule." 16 James Wm. Moore *et al.*, *Moore's Federal Practice* ¶ 107.14 (3d ed.2007). Second, requiring the amount in controversy to be determined solely on the basis on the plaintiff's complaint is consistent "with the rule that defenses or counterclaims which implicate federal law are insufficient to confer federal jurisdiction." *Cont'l Ozark, Inc. v. Fleet Supplies, Inc.*, 908 F.Supp. 668, 671 (W.D.Ark.1995) (internal citation omitted). *See Van Allen v. Bell Atlantic-*

---

**2.** While the split exists because some federal district courts differentiate between counterclaims that are compulsory versus permissive under state law while other courts do not, none of the decisions addresses the circumstance of this case—i.e., a counterclaim which, under state law, may not be pled at all. *See supra* note 1.

**3.** *See also, Watch Hill Partners, Inc. v. Barthel*, 338 F.Supp.2d 306, 309 (D.R.I.2004) ("The First Circuit appears to have rejected the use of counterclaims to establish the jurisdictional amount requirement."); *Indep. Mach. Co. v. Int'l Tray Pads & Packaging, Inc.*, 991 F.Supp. 687, 693 (D.N.J.1998) ("[I]n the removal context, the amount in controversy should be ascertained solely from the face of the plaintiff's complaint."); *Mesa Indus., Inc. v. Eagle-*

*brook Prods., Inc.*, 980 F.Supp. 323, 326 (D.Ariz.1997) ("[T]he great weight of authority favors Plaintiff's position that the amount of a counterclaim may not be considered in determining the amount in controversy."); *Meridian Aviation Serv. v. Sun Jet Int'l*, 886 F.Supp. 613, 615 (S.D.Tex.1995) (collecting cases); *Iowa Lamb*, 871 F.Supp. at 1156–57 (collecting cases). For the minority view, *see Swallow*, 794 F.Supp. at 663 (holding that the amount claimed in a compulsory counterclaim may be considered in determining whether amount in controversy requirement was met); *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 816 (8th Cir.1969); *Congaree Broadcasters, Inc. v. TM Programming, Inc.*, 436 F.Supp. 258, 262 (D.S.C.1977).

*Washington, D.C. Inc.*, 921 F.Supp. 830, 832 (D.D.C.1996) (citing *Caterpillar, Inc.*, 482 U.S. at 393, 107 S.Ct. 2425). Third, "the removal statute ... does *not* provide that when a claim over which the federal courts would have original jurisdiction is brought as a counterclaim to otherwise non-removable claims, the entire action may be removed[,]" *Iowa Lamb*, 871 F.Supp. at 1155, which suggests that "[i]f Congress had intended to allow the use of defendant's counterclaim in satisfying the jurisdictional amount, it would have explicitly stated so." [4]  *Oliver*, 777 F.Supp. at 1042. Finally, as articulated in *Iowa Lamb*,

> [f]ederal removal jurisdiction should not vary depending on the state in which claims have originally been brought. Consistent application of the rule that the complaint at the time of removal determines the amount in controversy, as does the complaint in cases originally brought in federal court, ... provides litigants with beneficial certainty concerning the appropriate forum for resolution of their disputes. Certainty about the appropriate forum would assist in reducing cost and delay in civil litigation as parties would not be put to the necessity of challenging or defending removals based on the amount in controversy in a counterclaim.

871 F.Supp. at 1157.

The approach used by a minority of district courts is also based on legitimate concerns. For example, permitting consideration of compulsory counterclaims in the amount in controversy calculation "avoids the ridiculous result that would sacrifice the choice of forum of the litigant with the greater monetary interest at stake," and also prevents a plaintiff with a "relatively insignificant claim" from rushing to the state courthouse in order to make a defendant possessing a compulsory counterclaim "lose his federal forum." *Swallow*, 794 F.Supp. at 662–63.

Such concerns seem particularly misplaced in this case, however. Rule 5(b)'s bar on TP World's counterclaim likely precludes it from being a compulsory one. Even if it were, it would be far from a ridiculous result to have this eviction action, in which the central issue is whether a lease has expired, tried in the Landlord and Tenant Branch. Moreover, the record does not indicate that Quality Management manipulatively rushed to file its action with the local court.

Certainly with the facts of this case, the majority approach appears most fitting and will be employed. TP World's counterclaim which alleges a sufficient amount in controversy for diversity jurisdiction should not form the basis for removal jurisdiction. Without considering TP World's counterclaim, the amount in controversy in this case is less than $75,000— indeed, no monetary judgment is sought in the complaint—and no diversity jurisdiction exists. Thus, the case must be remanded.

### CONCLUSION AND ORDER

Because TP World's counterclaim will not be considered in determining the amount in controversy, subject matter jurisdiction is lacking and the case will be remanded to the Superior Court. Accordingly, it is hereby

ORDERED that the Clerk REMAND this case to the Superior Court of the

---

4. *But see Swallow*, 794 F.Supp. at 663 (insisting that allowing compulsory counterclaims to be considered in the amount in controversy calculation "is not contrary to a strict reading of the statute's language").

District of Columbia, Civil Division, Land-lord and Tenant Branch.