R. Meshelle VAN ALLEN, Plaintiff,

v.

BELL ATLANTIC–WASHINGTON, D.C., INC., et al., Defendants.

Civil. A. No. 95–2319.

United States District Court, District of Columbia.

April 1, 1996.

Solaman Geoffrey Lippman, Lippman & Associates, Washington, DC, for R. Meshelle Allen.

Charles Marshall Carron, Donald B. Haller, Bell Atlantic Network Services, Inc., Arlington, VA, for Bell Atlantic Washington, D.C. Inc., Bell Atlantic Corporation, Mason Monroe, Bobbi Murray, Lil Smith, Sheila Jackson.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on plaintiff's motion to remand and defendants' motion to dismiss. Because the Court will grant plaintiff's motion to remand this case to Superior Court, the Court need not address defendants' motion to dismiss.

## BACKGROUND

Defendant, Bell Atlantic Corporation, Inc., hired plaintiff, Meshelle Van Allen, in December 1991. Plaintiff was a member of Local 2336 of the Washington Telephone Company Union (hereinafter "employees' union"). At all times relevant to this case, the employees' union maintained a collective-bargaining agreement with Bell Atlantic.

Plaintiff alleges that in June 1994—after a co-worker overheard Van Allen comment on rumors that an assistant manager had been charged with sexual harassment—the assistant manager and several other employees engaged in a harassment campaign against plaintiff. Plaintiff claims that due to the campaign against her she received at least six retaliatory suspensions; that defendants harassed, intimidated, and retaliated against her; that defendants created a hostile environment, including but not limited to, monitoring plaintiff's telephone calls; and that she was denied a promotion for which she had applied.

Van Allen alleges defendants retaliated against her in violation of the District of Columbia Family Medical Leave Act ("FMLA") by discharging her while she was absent on sick leave in August 1995. Plaintiff claims Bell Atlantic did not notify her regarding her termination, her removal from Bell Atlantic payroll, or the cancellation of her benefits. Due to these, and other allegations set forth in her complaint, plaintiff claims she was subjected to severe stress, anxiety, emotional suffering, humiliation, embarrassment, and experienced serious physical symptoms.

Plaintiff filed suit on December 1, 1995, in the Superior Court for the District of Columbia. Plaintiff's complaint stated four counts against the defendants: (1) intentional infliction of emotional distress; (2) intentional and malicious interference with plaintiff's contractual relationship; (3) tortious interference with plaintiff's prospective economic advantage; and (4) violation of the District of Columbia's FMLA.

Defendants removed the case to this Court on the ground that all the claims arise under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Specifically, defendants argue that the United States District Courts have original jurisdiction over this action, since the plaintiff's complaint raises a federal question, i.e. issues of federal labor law under § 301.

Plaintiff opposes removal of this action and has filed a motion to remand.

## STANDARDS FOR REMOVAL

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question

jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). The rule makes the plaintiff the master of the claim. A plaintiff may avoid federal jurisdiction by exclusive reliance on state law. *Id.*

■ A case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue. *Id.* at 392–94, 107 S.Ct. at 2430, *citing Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 12, 103 S.Ct. 2841, 2847–48, 77 L.Ed.2d 420 (1983).

## ANALYSIS

■ The issue here is whether plaintiff's state law claims are superseded by a federal question. If not, then the case should be remanded to the state court. *See Caterpillar,* 482 U.S. at 394–96, 107 S.Ct. at 2431. Defendants state that they plan to raise provisions of the collective-bargaining agreement as a defense to plaintiff's complaint, and that therefore plaintiff's state law claims are preempted by § 301 of the LMRA.

Section 301 of the LMRA provides as follows:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may

be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. 185(a).

The Supreme Court has interpreted this provision, holding that "state law is preempted by § 301 … only if such application *requires* the interpretation of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 411, 108 S.Ct. 1877, 1884, 100 L.Ed.2d 410 (1988) (emphasis added) (holding that an employee's claim of retaliatory discharge for filing a workman's compensation claim was not preempted since the claim could be resolved without interpreting the collective-bargaining agreement). Preemption also occurs when an alleged violation of state law is substantially dependent upon the interpretation of the labor contract. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 220, 105 S.Ct. 1904, 1915–16, 85 L.Ed.2d 206 (1985); *see also, IBEW, AFL–CIO v. Hechler,* 481 U.S. 851, 863 n. 5, 107 S.Ct. 2161, 2169 n. 5, 95 L.Ed.2d 791 (1987) (approving preemption where plaintiff conceded that "[t]he nature and scope of the duty of care owed Plaintiff is determined by reference to the collective bargaining agreement").

In this case, resolution of plaintiff's claims does not require interpretation of the collective bargaining agreement. Nor are plaintiff's allegations "substantially dependent" upon the meaning of the labor contract. Indeed, the complaint does not allege violation of the collective bargaining agreement, and each element of each tort may be proven without reference to the contract.[1] The

---

1. In support of their contention that plaintiff's causes of action are preempted by § 301, defendants cite *McCormick v. AT & T Technologies, Inc.,* 934 F.2d 531 (4th Cir.1991), and *Brown v. Southwestern Bell Telephone Co.,* 901 F.2d 1250 (5th Cir.1990). The Court's conclusion that, in this case, plaintiff may prove each element of each tort asserted in her complaint without reference to the contract is not inconsistent with the cited cases. In *McCormick,* the Fourth Circuit held that plaintiff's claim of intentional infliction of emotional distress was preempted on the grounds that the particular conduct complained of—management's disposing of the contents of

an employee's locker following his termination— was not a "matter of intrinsic moral import" and therefore the wrongfulness of the action depended on whether, under Virginia law, the employer violated a duty to the employee. *McCormick,* 934 F.2d at 536. The Court determined that plaintiff would have to refer to the collective bargaining agreement to determine whether a duty of care existed. *Id.* In contrast, the conduct complained of here, if true, is sufficiently egregious that plaintiff need not refer to a labor contract in order to prove its wrongfulness. Similarly, in *Brown,* the Fifth Circuit found that the essence of the complaint was that the em-

mere existence of the collective-bargaining agreement between Bell Atlantic and the employees' union will not convert this case into a § 301 suit.

Each of plaintiff's causes of action—namely, intentional infliction of emotional distress, intentional and malicious interference with plaintiff's contractual relationship, tortious interference with plaintiff's prospective economic advantage, and violation of the District of Columbia's FMLA—are all state causes of action under District of Columbia law. None of these rights is created by the collective-bargaining agreement between Bell Atlantic and the employees' union. Nor are the rights dependent upon the existence of such an agreement. In short, plaintiff's complaint on its face does not raise any § 301 issue.[2]

It is only through defendants' asserted defense that the labor contract is brought into question. Defendants cannot defeat plaintiff's choice of forum by raising the collective bargaining agreement to get the case transferred to federal court. A case may not be removed to a federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint. *Caterpillar*, 482 U.S. at 392–94, 107 S.Ct. at 2430. Since there are no federal questions raised on the face of the plaintiff's properly pleaded complaint, removal to this Court was improper.

Plaintiff is master of her complaint. She chose to bring this action under District of Columbia law in the Superior Court of the District of Columbia. Plaintiff's well-pleaded complaint does not raise any federal questions, and plaintiff's state law claims are not created by, nor dependent on, an interpretation of the collective-bargaining agreement.[3] Accordingly, the Court will grant plaintiff's motion to remand. An appropriate Order accompanies this Memorandum Opinion.

---

ployee was discharged without just cause in violation of the collective bargaining agreement. *Brown*, 901 F.2d at 1254. There has been no such finding in this case.

2. The parties did not cite and the Court has not found any opinions in this jurisdiction applying the standard articulated by the Supreme Court to the causes of action asserted in this case. Accordingly, the Court has looked to other jurisdictions for guidance. The Court notes that the Seventh Circuit has reached a different conclusion. *See Douglas v. American Information Technologies Corp.*, 877 F.2d 565, 572 (7th Cir.1989) (holding claim of intentional infliction of emotional distress was preempted by § 301 of the LMRA because resolution of the claim would require the court to interpret the labor contract to determine whether the contract authorized the employer's allegedly wrongful conduct). However, this Court's opinion finds ample support in the Eight Circuit which held that state rules that proscribe conduct or establish rights and obligations independent of a labor contract are not preempted by the LMRA. *See Anderson v. Ford Motor Co.*, 803 F.2d 953, 956 (8th Cir.1986) (holding that an employee's claim of fraudulent misrepresentation and certain contractual and quasi-contractual claims were not preempted by § 301).

3. Defendants will not be foreclosed from raising their collective-bargaining defense in state court.