In re BN1 TELECOMMUNICATIONS, INC., Debtor in Possession.

BN1 Telecommunications, Inc., Plaintiff,

v.

Fireworks of America Ltd. Corp., et al., Defendants.

Bankruptcy No. 97–53493.
Adversary No. 98–5127.

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

May 13, 1999.

been served, and that a separate motion is pending for default judgment as to them.

Paula Christ, Squire Sanders & Dempsey L.L.P., Cleveland, OH, for plaintiff.

E. Lee Wagoner, Cole Co., L.P.A., Akron, OH, for defendants.

## ORDER ESTABLISHING CONDITIONS FOR COURT TO VACATE DEFAULT JUDGMENT

MARILYN SHEA-STONUM,
Bankruptcy Judge.

This matter came before the Court on the motion filed by Larry D. Lomaz ("Lomaz") to set aside a default judgment (the "Motion for Reconsideration"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(a) and (b)(1) and by the Standing Order of Reference entered in this District on July 16, 1984.

## I. FINDINGS OF FACT

### A. *The Entry of the Judgment*

On August 19, 1998, BN1 Telecommunications, Inc. ("BN1") brought an adversary proceeding against Fireworks of America Ltd. Corp., 900 America Co., Inc. and Lomaz. As a result of the defendants' alleged failure to pay for telephone communication services, BN1 alleged claims for breach of contract, turnover of estate property, money due on an open account, quantum meruit and alter ego.

On August 31, 1998, BN1 served Lomaz with the Complaint and Summons by regular U.S. mail. The Certificate of Service, executed by Paula Christ, counsel for BN1, states that Lomaz was served with the Summons and Notice of Pretrial Conference and a copy of the Complaint at 8550 Route 224, Deerfield, Ohio 44411 (the "Deerfield Address") and at 2249 Elm Street, Suite 502, Cleveland, Ohio 44113 (the "Cleveland Address").[1]

On October 19, 1998, BN1 filed a Motion for Default Judgment against Lomaz and the other defendants. BN1 served the Motion for Default Judgment on Lomaz by regular U.S. mail at the Deerfield Address and the Cleveland Address. On November 12, 1998, the Court entered default judgment against Lomaz and the other defendants in the amount of $95,316.67 with interest at the federal judgment rate from the date the Answer was due (the "Judgment").

On November 13, 1998, Lomaz filed a Motion to Continue, an Answer, an Answer to Default and an Affidavit of Larry D. Lomaz. The Motion to Continue and the Answer are stamped in the upper left corner "FILED Oct. 9 9[:]05 AM '98 Akron Municipal Court." The Answer to Default Judgment and the Affidavit of Larry D. Lomaz are stamped on the right side "FILED Oct. 28 11[:]28 AM '98 Akron Municipal Court." On November 11, 1998, Lomaz sent a letter to the Court stating that these pleadings were "accidentally filed by our staff at the Akron Municipal

---

1. Lomaz is the registered agent for service on the corporate defendants, which also received service at the Deerfield Address.

Court."[2] The letterhead on that correspondence was Midwest Fireworks Mfg. Co., Inc., 8550 State Route 224, Deerfield, Ohio 44111, that is, the Deerfield Address of the two corporate defendants. Lomaz failed to serve both these pleadings and his November 11, 1998 letter on BN1 or its counsel. At the evidentiary hearing regarding the Motion for Reconsideration, Lomaz volunteered that he and the corporations with which he has been associated have been involved with litigation on many occasions and that he generally understood the requirement that the opposing party be served through its counsel, but acknowledged that such service had not been done in this case.

Notwithstanding the identification of the suite number in the certificate of service, Lomaz contends that the envelope which BN1 sent to the Cleveland Address containing the Summons and Notice of Pretrial Conference and a copy of the Complaint failed to include Lomaz' suite number and he speculates that, as a result, the envelope was left at the guard stand and thus was never received by him. Attached as Exhibit A to the Answer to Default Judgment is an alleged *copy* of the envelope in which the Motion for Default Judgment arrived. The envelope is addressed with the Cleveland Address, but Lomaz' suite number appears to be missing. The date of the postmark on the envelope is illegible.

Lomaz further contends that BN1 is not entitled to a judgment against Lomaz[3] in

2. Attached to the November 11, 1998 letter is a letter dated October 28, 1998 from Mark Demarco of the Akron Municipal Court addressed to Lomaz at the Deerfield Address. The October 28, 1998 letter states in pertinent part "We are returning your pleadings that were filed with this Court on October 28 entitled Answer to Default Judgment and Affidavit."

3. The corporate defendants have not sought to vacate the Judgment.

4. At the time of the status conference, Lomaz appeared *pro se;* Lomaz subsequently obtained counsel.

the amount entered because BN1's invoices were in error regarding the billing rate, an agent of BN1 had agreed to adjust the bills and Lomaz is entitled to an offset for commissions that are due to him from BN1. Lastly, Lomaz maintains that he is not an alter ego of the corporate defendants.

B. *The Evidentiary Hearing Regarding the Motion for Reconsideration*

In response to Lomaz' November 11, 1998 letter and the pleadings filed by Lomaz on November 13, 1998, the Court set a status conference, at which BN1's counsel and Lomaz appeared.[4] At that status conference, the Court set a briefing schedule regarding Lomaz' attempt to set aside the Judgment. Subsequently, the Court set an evidentiary hearing regarding the Motion for Reconsideration, which hearing was held on April 21, 1999.[5]

Lomaz was the sole witness at the evidentiary hearing. At the evidentiary hearing, Lomaz did not produce any of the original envelopes which contained the pleadings mailed by BN1 to Lomaz at the Cleveland Address.[6] In addition, Lomaz provided testimony which was contradicted by evidence produced by BN1 at the hearing and documents in the Court's file, including, but not limited to, the letter from the Akron Municipal Court which is attached to Lomaz' November 11, 1999 letter.

5. Lomaz and his counsel failed to comply with the deadlines set for filing and serving witness lists, exhibits and proposed Findings of Fact and Conclusions of Law. Nonetheless, this Court exercised its discretion to allow the development of testimony and other evidence at the hearing.

6. Because of Lomaz' failure to comply with the Court's scheduling order, BN1's counsel was not accorded sufficient time to require the production of the original envelopes.

## II. CONCLUSIONS OF LAW

Lomaz seeks relief from the Judgment pursuant to Fed.R.Civ.P. 60(b)(1), which applies to this case pursuant to Fed. R.Bankr.P. 9024. Fed.R.Civ.P. 60(b) provides in pertinent part that: "On motion and *upon such terms as are just,* the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.... The motion shall be made within a reasonable time...." Fed.R.Civ.P. 60(b) (emphasis added).

■ If a defendant can demonstrate that his default was the product of mistake, inadvertence, surprise or excusable neglect, the defendant must then demonstrate that he can satisfy two other factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted. *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992). In order to establish a "meritorious defense", "the defendant must state a 'defense good at law' which is sufficient if it contains 'even a hint of a suggestion which, proven at trial, would constitute a complete defense.'" *Thompson v. American Home Assurance Co.,* 95 F.3d 429, 433 (6th Cir.1996), *quoting INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.,* 815 F.2d 391, 398 (6th Cir.1987). For the setting aside of a default judgment to be considered prejudicial, it must result in more than delay. Rather, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud and collusion." *Thompson v. American Home Assurance Co.,* 95 F.3d at 433–34. *See also Brengettcy v. Nat'l Mortgage Co. (In re Brengettcy),* 177 B.R. 271, 277 (Bankr.W.D.Tenn.1995).

■ In considering a motion to set aside entry of a judgment by default, the court should apply Rule 60(b) " 'equitably and liberally ... to achieve substantial justice.'" *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 844–45 (6th Cir.1983), *quoting Blois v. Friday,* 612 F.2d 938, 940 (5th Cir.1980) (per curiam). "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co.,* 705 F.2d at 845.

■ In light of these directives in applying Fed.R.Bankr.P. 9024 and Fed.R.Civ.P. 60(b)(1), the Court finds that the misfiling of Lomaz' pleadings in the Akron Municipal Court may have been a "mistake". However, even if Lomaz had originally filed his Answer in this Court, and not in the Akron Municipal Court, Lomaz did not file his Answer timely. The Summons stated that the Answer was required to be filed *and served upon the plaintiff's attorney* within 30 days after the issuance of the Summons, *i.e.,* August 25, 1999. In contrast, Lomaz did not file the Answer with the Akron Municipal Court until October 9, 1999, more than two weeks after the deadline. More importantly, Lomaz did not serve his Answer, or *any* of the pleadings which he filed or the letter which he addressed to this Court, on counsel for BN1. Had Lomaz served his Answer on BN1's counsel, BN1 would have been alerted to Lomaz' intention to appear in these proceedings and BN1's preparation of the Motion for Default Judgment, as well as the entry of the Judgment, likely would have been averted.

As concerns the untimeliness of his response, the Court does not accept Lomaz' assertion that the envelope containing the Summons and a copy of the Complaint was not properly addressed to his place of residence. First, BN1 also served these pleadings on Lomaz at the Deerfield Address, an address which is identified in the November 11, 1998 letter which Lomaz sent to the Court. Second, the certificate of service executed by BN1's counsel states that these pleadings were sent to Lomaz at his full Cleveland Address, including the suite number. Lomaz has not

supplied the Court with an original envelope that indicates otherwise, and the alleged copy of an envelope from BN1 which was attached to Lomaz' Answer to Default Judgment is too subject to tampering to be taken at face value (even if the Court could identify which pleading(s) the envelope contained). Lastly, at the evidentiary hearing held on April 21, 1999, Lomaz demonstrated that his testimony, which was rife with inconsistencies and frequently contradicted by evidence produced at the hearing, as well as documents in the Court's file, was deserving of little credit.

Nevertheless, in light of the strong preference for trial on the merits, and despite Lomaz' failure to serve counsel for BN1 with his pleadings eventually filed with this Court, this Court will vacate the Judgment against Lomaz, but only following Lomaz' satisfaction of the following conditions which the Court finds just under all of the circumstances of this case: Lomaz shall reimburse BN1 for the attorneys' fees and costs which BN1 incurred in preparing the Motion for Default and in responding to Lomaz' attempt to set aside the Judgment, all of which could have been avoided had Lomaz served his pleadings on BN1's counsel at the time they were filed with the Akron Municipal Court. In addition, in order for the Judgment to be vacated against Lomaz, .by *May 31, 1999,* Lomaz shall post a bond to secure the amount of the Judgment pending a trial on the merits. *See, e.g., Thorpe v. Thorpe,* 364 F.2d 692, 694 (D.C.Cir.1966) (discussing conditions imposed by courts to vacate a default judgment); *Brengettcy v. Nat'l Mortgage Co. (In re Brengettcy),* 177 B.R. 271, 277 (Bankr.W.D.Tenn.1995) (requiring that debtor post bond of $1,000 for court to vacate order denying debtor's motion to set aside foreclosure sale for failure to prosecute).

In order to establish the amount of BN1's attorneys' fees and costs which must be reimbursed by Lomaz, by *May 21, 1999,* BN1 shall file and serve on counsel for Lomaz an affidavit, to which detailed billing statements should be attached, regarding the attorneys' fees and costs which were incurred as a result of BN1's Motion for Entry of Default and BN1's response to Lomaz' attempt to set aside the Judgment. Lomaz shall file and serve any response to that affidavit so that his response is *received* by the Court and counsel for BN1 by *May 31, 1999.* On *June 2, 1999* at *3:30 p.m.,* this Court shall hold a status conference regarding the attorneys' fees and costs to be reimbursed by Lomaz and, if Lomaz satisfies the conditions to vacate the Judgment, to address scheduling discovery and a trial.

IT IS SO ORDERED.