# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3033

_____

|  |  |  |
|---|---|---|
| Union Pacific Railroad Company,<br>A Delaware Corporation, | * <br> * <br> * |  |
|  | * |  |
| Appellee, | * |  |
|  | * | Appeal from the United States |
| v. | * | District Court for the District |
|  | * | of Nebraska. |
| Progress Rail Services Corporation,<br>An Alabama Corporation, | * <br> * |  |
|  | * |  |
| Appellant. | * |  |

_____

Submitted: April 19, 2001

Filed: July 10, 2001

_____

Before MORRIS SHEPPARD ARNOLD and RICHARD S. ARNOLD, Circuit Judges, and BOGUE,[1] District Judge.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Progress Rail Services Corporation moved in the district court under Fed. R. Civ. P. 60(b)(1) to set aside a default judgment against it after belatedly realizing that it had failed to answer a complaint filed by Union Pacific Railroad Company. Progress Rail

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

explained in its motion that it neglected to file the answer because of a recording error by its legal department. The district court denied the motion. Progress Rail appeals the denial, arguing that the district court erred because it did not take into account some important and relevant considerations in refusing to set the default aside. We agree and vacate the order of the district court.

Under Fed. R. Civ. P. 60(b)(1), a district court may grant relief from a default judgment because of "mistake, inadvertence, surprise, or excusable neglect." The term "excusable neglect" in this rule "is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence," *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 394 (1993).

Since there is no dispute that Progress Rail's faulty record-keeping was responsible for causing its default, the critical question in this case is whether this particular negligent act ought to be deemed "excusable." We review a district court's ruling under Fed. R. Civ. P. 60(b)(1) for an abuse of discretion. *See Nucor Corp. v. Nebraska Public Power District*, 999 F.2d 372, 374 (8th Cir. 1993).

In deciding whether to set aside a default judgment for "excusable neglect," a district court ought not to focus narrowly on the negligent act that caused the default and ask whether the act was itself in some sense excusable. Instead, the court should take account of "all relevant circumstances surrounding the party's omission," *Pioneer Investment*, 507 U.S. at 395. The inquiry is essentially an equitable one, and the district court is required to engage in a careful balancing of multiple considerations, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith," *id*. We have applied these principles regularly since the Supreme Court laid them out in *Pioneer Investment*. *See, e.g.*, *Johnson v. Dayton Electric*

*Manufacturing Co.*, 140 F.3d 781, 784 (8th Cir. 1998); *see also In re Payless Cashways Inc.*, 230 B.R. 120, 137-39 (B.A.P. 8th Cir. 1999), *aff'd*, 203 F.3d 1081 (8th Cir. 2000). We have also concluded that "the existence of a meritorious defense continues to be a relevant factor," *Johnson*, 140 F.3d at 784, in deciding these kinds of cases after *Pioneer Investment*.

In this case, we believe that the district court erred in focusing exclusively on Progress Rail's proffered reason for the mistake, which the court found to be inadequate and unsatisfactory. Although we have indicated in past cases that the reason for a party's delay is a key consideration in determining whether that party's negligence is excusable, this principle does not provide *carte blanche* to a district court to disregard the other considerations that *Pioneer Investment* identified. *See Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000), *cert. denied*, 121 S. Ct. 309 (2000). In this case, Progress Rail committed a single, simple error that left it unaware of Union Pacific's lawsuit. The error did not result from a mistake of law, nor did Progress Rail act negligently over a long period of time despite receiving warnings about its omission. *See id*. at 464; *see also Inman v. American Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997).

Because Progress Rail's negligence involved only a minor mistake, we believe that the other equitable considerations that *Pioneer Investment* identified are entitled to significant weight in determining whether the motion under Fed. R. Civ. P. 60(b)(1) should be granted. *See Lowry*, 211 F.3d at 463. We note that as soon as Progress Rail had notice of the default judgment against it, it entered into negotiations with Union Pacific in an effort to have the default judgment set aside. When that failed, Progress Rail filed its motion to set the judgment aside, only three weeks after it had notice of the default and less than six months after Union Pacific filed its complaint.

There is no showing, moreover, that this short-term delay would undermine Union Pacific's ability to advance its claim. The fact that Union Pacific's rights would

not be affected weighs heavily in favor of Progress Rail's motion to set aside the default judgment. *See Hoover v. Valley West DM*, 823 F.2d 227, 230 (8th Cir. 1987). In addition, we see no reason to think that providing relief to Progress Rail would disrupt the judicial process in any measurable way. Finally, Progress Rail has evidently acted in good faith and has posited a defense that on its face appears to have considerable merit. *See MIF Realty L.P. v. Rochester Associates*, 92 F.3d 752, 756 (8th Cir. 1996).

After a due regard for all of the relevant considerations, we conclude that the district court should have granted Progress Rail's motion to set aside the default judgment. For the reasons indicated, therefore, we vacate the district court's order and remand with directions to grant Progress Rail's motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-